Abraham N. Gellbr, J.
This motion by defendant Francis is for inspection of the Grand Jury minutes and dismissal of the indictment on the ground that the evidence upon which the *504 indictment is based is illegal and invalid and violative of said defendant’s constitutional rights. Actually, the motion is to suppress the evidence upon which the indictment is assumed to be based on the ground that it was obtained by an unlawful search and seizure, and upon such suppression to dismiss the indictment.
This is a case in which evidence bearing on the issue of the alleged illegality of the search was adduced at a preliminary hearing in the City Magistrates’ Gamblers’ Court. Accordingly, if such proof was clear and convincing, no further hearing would be required and disposition of the motion Avould be in order in accordance Avith the procedure set forth in People v. Gonzalez (31 Misc 2d 486) decided simultaneously herewith.
The crime here involved is based on possession of policy slips. The Magistrate, after full cross-examination of the police officers on the question, overruled the objection to the introduction of the policy slips taken from defendant Francis and held him for the Grand Jury, Avhich subsequently indicted him.
The evidence showed that defendant, carrying a paper bag containing 115 envelopes with approximately 550 slips indicating approximately 37,125 plays of policy, Avas stopped by a police officer on the street and the bag taken from him. The officer did not have a warrant for search or arrest. Since he Avas acting on information received by radio from a detective stationed on the roof of a nearby building, it is the detective’s probable cause to direct defendant’s search and arrest which must be determined to justify what was done by the police officer.
‘1 Probable cause” does not require knowledge of evidence establishing guilt but only of such facts and circumstances or of reasonably trustworthy information as would warrant a prudent man in believing that the offense has been or is being committed. (Brinegar v. United States, 338 U. S. 160.)
The detective testified that he had been assigned to watch that location and this defendant, had had this defendant under observation for about a month, had seen people known to him to be in the policy business transfer to defendant paper bags and small yellow envelopes on a number of occasions and had then seen him go with those bags to one of two stores in the vicinity. He testified that on this day, while following defendant’s movements from the roof, he had seen him engaged in conversation on íavo separate occasions Avith people known to be in the policy business without the bag in his possession and then appearing Avith the bag shortly before he communicated to the police officer below.
*505 Here, obviously, there is evidence of more than a bare suspicion. A prudent man would be justified in concluding, on the basis of defendant’s known past acts with relation to individuals known to be in the policy business and the daily routine of picking up from them small envelopes and carrying them in paper bags to certain stores, that defendant was on this day engaged in carrying policy slips as part of the policy business being transacted. The facts and circumstances known to the detective from his own personal observations constituted reasonable grounds for belief of guilt, which is the substance of all the definitions of probable cause. (Carroll v. United States, 267 IT. S. 132, 167.) The right to search without a warrant on the basis of probable cause under circumstances reasonably calling for prompt action, is clearly evident on this record. The motion is accordingly denied.